Joshua Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana Hart, Esq (SBN: 306499)
yana@westcoastlitigation.com
**HYDE AND SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Other Attorneys of Record Listed on Signature Page]

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Abante Rooter & Plumbing, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Farmers Group, Inc. d/b/a Farmers Insurance,**<br><br>**Defendant.** | **Case No.:**<br><br>**<u>CLASS ACTION</u>**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Abante Rooter & Plumbing (referred to as " Plaintiff"), brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Farmers Group, Inc. d/b/a Farmers Insurance (referred to as "Defendant"), in negligently,

knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to itself own acts and experiences of its employees, agents and representatives, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. At §§ 12-13.  *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions.  A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call.  An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**JURISDICTION AND VENUE**

6. Jurisdiction is proper under 47 U.S.C §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012), because Plaintiff alleges violations of federal law.

7. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff's principal place of business is in Emeryville, CA, the events giving rise to Plaintiff's causes of action against Defendant occurred in the State of California within the Northern District of California (in or around Emeryville CA) and Defendant conducts business in the area in Emeryville, San Francisco, Oakland, Santa Cruz, and other counties within the Northern District.

**PARTIES**

8. Plaintiff is, and at all times mentioned herein was, a  individual citizen and resident of the County of Alameda, in the State of California, who received the telephone calls which are subject of this complaint.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, an individual and a "person," as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Nevada corporation with branches and offices nationwide. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant conducted business in the State of California, and within this judicial district.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff is, and at all times mentioned herein was, a California corporation, and therefore, a "person" as defined by 47 U.S.C § 153 (39).

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

13. Sometime prior to January 1, 2016, Plaintiff was assigned, and became the owner of, a cellular telephone number from its wireless provider, with a number ending in "7210."

14. On or about September 20, 2016, Plaintiff received a call on its cellular telephone from Defendant, in which Defendant utilized an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

15. The call to Plaintiff's cellular telephone number was from a number (818) 357-9043.

16. Plaintiff's employees answered the phone, and after a prolonged delay she was connected to a representative, who identified herself as Rosie, an assistant for Kip Fuller calling on behalf of Farmer's Insurance, and asked if Plaintiff would be interested in procuring Farmer's Insurance services.

17. At no time did Plaintiff have any relationship with Defendant, nor provided Defendant with its number or a written consent to make a solicitation call to the business cellular number.

18. On or about September 27, 2016, at 12:43 pm. Defendant's representative called again, from a different number 847-744-8101 to Plaintiff's cellular number ending with "1636" and stated that it was calling on behalf of Defendant. Feeling frustrated from marketing calls, Plaintiff disconnected the call.

19. On or about September 27, 2016, Defendant's representative Nina called again from (847)744-8101 to Plaintiff's cellular number ending with "7210," and again solicited Plaintiff's business.

20. During the September 27, 2016 call, Plaintiff asked if Defendant's representative was calling from her home office, and she replied "yes," which suggests that Defendant was making calls via a computer system since the Caller ID reflected Farmer's office number.

21. On or about October 12, 2016, Plaintiff emailed to Farmer's Insurance representative to kfuller2@farmersagent.com and executive.office@21.com (which Defendant's representative provided), and requested that Defendant provides Plaintiff with any documents supporting any consent by or on behalf of Plaintiff to receive the above unauthorized marketing calls to Plaintiff's cellular telephone.

22. Within Plaintiff's October 12, 2016 email correspondence, Plaintiff stated that Defendant's calls were unsolicited, and stated that no prior express written consent was ever given to Defendant.

23. Despite Plaintiff's October 12, 2016 email correspondence and express statement that Defendant's call were unwelcomed, Defendant again called Plaintiff on or about October 26, 2016 to Plaintiff's cellular number ending in "3803" and again, solicited Plaintiff's business.

24. Plaintiff's employees answered the cellular telephone on October 26, 2016, and spoke again with Nina who asked if Plaintiff would be interested in procuring Farmer's Insurance services for a discounted price stating that Defendant is offering a "30% discount."

25. Based on information and belief, Plaintiff alleges that all calls referenced above came from Defendant.

26. All Defendant's telephone calls to Plaintiff's cellular number were for marketing purposes as Defendant was trying to sell Plaintiff services and products. Plaintiff has no business relationship with Defendant.

27. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. The ATDS used by Defendant also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

29. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

30. Plaintiff at no time provided "prior express consent," written or otherwise, for Defendant to place telephone calls to Plaintiff's cellular telephone with an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

31. Plaintiff had not provided its cellular telephone number to Defendant. Plaintiff was not a customer of Defendant. Plaintiff had no "established business relationship" with Defendant, as defined by 47 U.S.C. § 227 (a)(2).

32. These telephone calls made by Defendant were in violation of 47 U.S.C. § 227(b)(1).

**STANDING**

33. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:
    a. a valid injury in fact;
    b. which is traceable to the conduct of Defendant ;
    c. and is likely to be redressed by a favorable judicial decision.

    See, *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6*, and *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560*.

34. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

    A. *The "Injury in Fact" Prong*

35. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

36. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In the present case, Plaintiff was called on its cellular phone by Defendant, who utilized an ATDS. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

37. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7*. In the instant case, it was Plaintiff's phone that was called and Plaintiff's employees/agents were distracted from work and compelled to answered the calls. It was Plaintiff's and Plaintiff's employees privacy and peace that was invaded by Defendant's call, that was delivered using an ATDS. Finally, Plaintiff alone is responsible to pay the bill on its cellular

phone. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

### B. *The "Traceable to the Conduct of Defendant" Prong*

38. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant(s).

39. In the instant case, this prong is met simply by the fact that the message was delivered to Plaintiff's cellular phone directly by Defendant, or by Defendant's agent at the direction of Defendant.

### C. *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

40. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

41. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

42. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

43. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016),* Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action on behalf of itself and on behalf of all others similarly situated ("the Class").

45. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one telephone call using an ATDS from Defendant, or their agents calling on behalf of Defendant, between the date of filing this action and the four years preceding, where such calls were placed for the purpose of marketing, to non-customers of Defendant, at the time of the calls.

46. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

47. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant or its agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

48. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any

recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

49. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

50. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS to any telephone number assigned to a cellular telephone service;
   ii. Whether Defendant called non-customers of Defendant for marketing purposes;
   iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and
   iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

51. As a person who received calls from Defendant in which Defendant used an ATDS, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

52. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

53. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

54. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

55. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION:
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitutes multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

58. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION:
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

62. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

63. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

64. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

65. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for itself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

67. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

68. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for itself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

69. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

70. Any other relief the Court may deem just and proper.

### TRIAL BY JURY

71. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date:  May 25, 2017                                **HYDE & SWIGART**

                                                                   By:  s/Joshua B. Swigart
                                                                       Joshua B. Swigart
                                                                       Attorneys for Plaintiff

**Other Attorneys of Record, besides caption page:**

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523