UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER & PLUMBING,<br>　　　　Plaintiff,<br>　　v.<br>FARMERS GROUP, INC.,<br>　　　　Defendant. | Case No. 17-cv-03315-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 28 |

Defendant Farmers Group, Inc.'s ("Farmers Group") motion to dismiss came on for hearing before this court on December 20, 2017. Plaintiff Abante Rooter & Plumbing ("Abante") appeared through its counsel, Yana Hart. Defendant appeared through its counsel, Randall Hack. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss without prejudice, for the following reasons.

**BACKGROUND**

This putative class action asserts two causes of action against Farmers Group for negligently and willfully violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Abante, a California corporation, alleges that on four occasions over an approximately one-year period its employees received calls from defendant on plaintiff's cellular phones and that those calls were made using an automatic telephone dialing system ("ATDS").

The parties do not dispute that Farmers Group itself does not sell insurance in California. See also Dkt. 29-2 (California Department of Insurance website showing no results for "farmers group").[1] The parties also do not appear to dispute that other insurance companies sell insurance policies under the "Farmers" service mark.

Based on the factual allegations described next, plaintiff claims it suffered economic injury because its employees were distracted from work, compelled to answer calls, and because plaintiff pays the cellular phone bill covering the phones that received the calls. FAC ¶ 61. Plaintiff further alleges that the calls violated its privacy and were a nuisance. FAC ¶ 61.

On September 20, 2016, one of plaintiff's employees answered a call and, "after a prolonged delay," a "representative" identified herself as "Rosie, an assistant for Kip Fuller, calling on behalf of Farmers Insurance." FAC ¶¶ 14-16. Rosie asked if "plaintiff would be interested in procuring Farmers Insurance services." FAC ¶ 16.

On September 27, 2016, plaintiff received two calls purportedly from defendant's representatives. FAC ¶¶ 18, 19. After the first caller identified herself as calling on behalf of defendant, plaintiff disconnected the call. FAC ¶ 18. During the second call that day, plaintiff asked defendant's representative, Nina, whether she was calling from her home office. FAC ¶ 20. Nina replied that she was. FAC ¶ 20. Plaintiff alleges that this shows defendant was making calls via a computer system since the Caller ID reflected a Farmers office number. FAC ¶ 20.

Plaintiff next alleges that on October 12, 2016, plaintiff sent emails to two accounts that Nina provided, one to Fuller and one to "executive.office@21.com." FAC ¶¶ 21-22. Those emails stated that plaintiff had provided no consent to the calls and the calls were unwelcome. Id. Plaintiff does not allege whether anyone responded to those emails.

---

[1] Under Federal Rule of Evidence 201(b)(2), the court takes judicial notice of Exhibit B, a printout from the California Department of Insurance. See Allen v. Hyland's Inc., 300 F.R.D. 643, 656 (C.D. Cal. 2014). Because the court finds it unnecessary to rely on or consider the other exhibits, defendant's request as to those exhibits is denied.

2

On October 26, 2016, one of plaintiff's employees again received a call from Nina, who asked if plaintiff would be interested in procuring Farmers insurance. FAC ¶ 24. Plaintiff's employee answered that call and again "spoke with Nina who asked if plaintiff would be in procuring Farmers Insurance services for a discounted price." FAC ¶ 25.

Though plaintiff alleges that defendant "continued placing calls sometime in August 2017" via an ATDS, plaintiff only includes allegations about a call made in early August 2017. FAC ¶¶ 26, 28. With regards to that call, after answering and "hearing a pause and a delay," defendant's representative identified herself as Grace and asked if plaintiff would be interested in Farmers insurance. FAC ¶ 28. For the sole purpose of stopping the solicitation calls, plaintiff said he was interested and arranged a time to be called by Windell Williams, a Farmers Insurance agent. FAC ¶ 29.

Plaintiff spoke with Williams on August 10, 2017. FAC ¶¶ 30-37. Williams stated that he was a Farmers Insurance representative. FAC ¶ 33. Williams' telephone recording states that Williams is "from Farmers Insurance" and Williams is listed on defendant's website as a Farmers Insurance Agent. FAC ¶¶ 34, 40. During the call, Williams allegedly stated that the "other agents were Farmers agents calling from a call center using an auto dialed system." FAC ¶ 37.

Plaintiff alleges he did not have a previous relationship with defendant and never provided written consent to receive any of the above solicitation calls. FAC ¶ 54. Plaintiff also alleges that the number defendant called was assigned to a cellular telephone service for which plaintiff incurs a charge for incoming calls. FAC ¶ 53. Plaintiff, however, does not allege it pays per call received.

Plaintiff also makes a number of other conclusory allegations. Plaintiff alleges that defendant encouraged, directed, and authorized the above representative and others to place marketing calls to acquire business for Farmers Insurance. FAC ¶ 41. Plaintiff also alleges that to avoid liability, defendant outsources marketing calls to third parties but allows the third parties, including the above representatives, to identify themselves and associate with Farmers Insurance. FAC ¶¶ 42, 49. Upon information and belief,

3

plaintiff alleges that the marketing agreements between defendant and its representatives contemplate telemarketing. FAC ¶ 50.

Lastly, plaintiff makes a number of allegations aimed at satisfying the elements of its TCPA claim. Plaintiff alleges that the ATDS utilized by defendant has the capacity to, and does, call telephone numbers automatically and without human intervention. FAC ¶ 52. In an apparent attempt to show agency, plaintiff asserts that persons receiving calls from defendant's representatives believed that defendant had authorized the calls and that defendant knew or should have known that its agents were using an ATDS but failed to take any effective steps to stop that conduct. FAC ¶¶ 43-45.

According to plaintiff, the above conduct makes defendant directly and vicariously liable under the TCPA.

## DISCUSSION

### A. Legal Standard

#### 1. Telephone Consumer Protection Act

"The TCPA makes it unlawful, in part, 'to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States.' 47 U.S.C. § 227(b)(1)(A). An aggrieved person may bring an action to enjoin a violation of this provision or to seek actual or statutory damages. See id. § 227(b)(3). Statutory damages are $500 per violation. See id. § 227(b)(3)(B). If a violation is willful or knowing, a court may treble the award. See id. § 227(b)(3)." Chen v. Allstate Ins. Co., 819 F.3d 1136, 1139 (9th Cir. 2016).

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

4

## 2. Motion To Dismiss For Failure To State A Claim

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.' " Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v.

Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. See No. 84 Emp'r-Teamster Jt. Counsel Pension Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

**B.  Standing**

Defendant first argues that plaintiff does not have standing to sue under the TCPA because plaintiff has not adequately alleged a concrete harm. Specifically, defendant argues that under California law, corporations do not have a right to privacy and therefore plaintiff has not alleged a cognizable injury.

The court need not reach defendant's argument because plaintiff has also alleged, and defendant all but ignores, a cognizable economic injury. Plaintiff alleges that it lost employee time as a result of plaintiff's employees receiving and answering the calls. FAC ¶ 61. The diversion of employee time is a concrete injury that confers standing. See Booth v. Appstack, Inc., No. 13-1533C, 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016) (finding injury under Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), when plaintiff alleged "waste[d] time answering or otherwise addressing robocalls").

**C.  Plaintiff Has Not Stated A Claim Under the TCPA**

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)." Meyer, 707 F.3d at 1043.

**1.  Defendant Did Not "Make" the Alleged Calls**

For a person to "make" a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. Gomez v. Campbell-Ewald Co., 768 F.3d 871, 877-79 (9th Cir. 2014). Defendant contends that plaintiff has failed to establish this element under either theory. The court agrees. Plaintiff's complaint is devoid of factual allegations from which the court could infer defendant controlled or could control the representatives.

**a.  Direct Liability**

Plaintiff has not alleged facts showing that Farmers Group made the calls or that the callers were calling on behalf of or were employed by Farmers Group, as opposed to some other entity. A number of representatives stated they were calling on behalf of "Farmers Insurance," i.e., not the defendant, or inquired whether plaintiff was interested in Farmers insurance. See, e.g., FAC ¶ 16, 28. These allegations do not support an inference that the representatives were employed by defendant. The same goes for plaintiff's conclusory allegations that the representatives were calling "on behalf of Defendant," see, e.g., ¶ 18, and allegations that baldly assert the caller was a representative of defendant, see, e.g., ¶ 19 ("Defendant's representative Nina called").

### b. Vicarious Liability

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." Gomez, 768 F.3d at 879. "The existence of an agency relationship generally presents a question of fact." Ward v. Mgmt. Analysis Co., 135 F.3d 1276, 1283 (9th Cir. 1988) aff'd in part, rev'd in part on other grounds UNUM Life Ins. Co. of Am. v. Ward, 526 U.S. 358 (1999). That, however, does not imply that mere assertions of an agency relationship will survive a motion to dismiss under Rule 12(b)(6). Though "the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." Kristensen v. Credit Payment Servs., 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014).

Three theories of agency could support vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification. Thomas v. Taco Bell Corp., 582 Fed. App'x. 678, 679 (9th Cir. 2014) (citing In re DISH Network, LLC, 28 F.C.C.R. at 6590 n. 124)). The complaint fails to allege factual allegations supporting an agency relationship under any theory.

### i. Actual authority

"An agent is one who 'act[s] on the principal's behalf and subject to the principal's

control.'" United States v. Bonds, 608 F.3d 495, 506 (9th Cir. 2010) (quoting Restatement (Third) Agency § 1.01.); see also Thomas v. Taco Bell Corp., 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012), aff'd, 582 F. App'x 678 (9th Cir. 2014). "Agency means more than mere passive permission; it involves request, instruction, or command." Thomas, 879 F. Supp. 2d at 1085 (quoting Klee v. United States, 53 F. 2d 58, 61 (9th Cir. 1931)).

The complaint contains no factual allegations about defendant's relationship with the purported callers, much less factual allegations about what control defendant exercised over the callers. To state a plausible claim based on actual authority, plaintiff must allege facts showing that defendant had the right to control the representatives and the manner and the means of the calls they made. See Thomas, 583 F.3d App'x at 679-80. It is not enough that each representative identified him or herself as acting on behalf of Farmers Insurance. Such allegations say nothing about whether defendant consented to those representations. And, more importantly, such allegations indicate nothing about the amount of control, if any, defendant purportedly exercised over the representatives.

The only allegation that comes close to connecting the purported agents and defendant is Williams' profile on defendant's website and the use of defendant's mark and trade name. While the profile does show that there is some connection between defendant and Williams, it does not show what that connection is or how that relationship relates to the alleged calls. In fact, the allegations in the complaint leave open the possibility that Williams paid defendant to host his profile to increase Williams' profitability—rather than the opposite scenario that plaintiff envisions.

The allegations regarding defendant's mark fare little better. Viewing that allegation in the light most favorable to Abante, the court can infer that there is some relationship between the purported representatives and defendant. But that inference is not enough because it still does not allow the court to infer that defendant exercises control over the representatives. See Jackson v. Caribbean Cruise Line, Inc., 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (dismissing TCPA claim and concluding that the

8

existence of a contract between two companies does not "necessarily mean that [the principal] had the power to give 'interim instructions' to [the agent]."). While plaintiff is entitled to all reasonable inferences, the court is neither required to nor allowed to layer inference upon inference to make plaintiff's claim for it.

### ii. Apparent Authority

"Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity, 124 F.3d 1094, 1098 (9th Cir. 1997). It is not sufficient to allege that the purported agent "claimed authority or purported to exercise it." Id.

Plaintiff points to three allegations that supposedly establish apparent authority. First, plaintiff argues that defendant's agents called on defendant's behalf. Second, plaintiff argues that the agents promoted defendant's brand and products. Third, plaintiff argues that one of the defendant's agents is listed on defendant's website as a Farmers Insurance Agent. The court finds each of these insufficient.

The first two beg the question by assuming the veracity of plaintiff's own argument. As is evidenced by the sentences themselves, they assume an agency relationship exists in order to show defendant made a manifestation to a third party. That will not do.

Viewed in the most favorable light, plaintiff's third response does show a manifestation by defendant to a third party. The website, which defendant never specifically disclaims as its own, shows Williams is a Farmers Insurance representative. It is reasonable to infer that defendant has control over the website, and its willingness to display Williams as a Farmers Insurance agent implies that there is some relationship between Williams and defendant. But again the bare existence of a relationship does not indicate that Williams was authorized to act on defendant's behalf or speak to the scope of that purported authorization. Nor does it give rise to a reasonable belief that Williams is authorized to act on defendant's behalf for all purposes.

More fundamentally, plaintiff has not even alleged that it reasonably relied on the

website.

### iii. Ratification

Plaintiff cannot show defendant is liable under a ratification theory because "the principal-agent relationship is still a requisite, and ratification can have no meaning without it." Batzel v. Smith, 333 F.3d 1018, 1036 (9th Cir. 2003).

### 2. Use of An ATDS

Title 47 U.S.C. § 227(a)(1) defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." An ATDS "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009).

The court finds the complaint's allegations sufficient to satisfy this element of plaintiff's TCPA claim. Plaintiff alleges, and defendant's briefing ignores, that Williams stated "the other agents were Farmers agents calling from a call center using an auto dialed system." FAC ¶ 37. Further, the complaint alleges that on two of the calls a pause and delay was heard before the representative began talking. FAC ¶¶ 16, 28, 37; see Oliver v. DirecTV, LLC, 2015 WL 1727251, at *3 (N.D. Ill. Apr. 13, 2015) ("momentary pause, along with [ ] other allegations" were sufficient at pleading stage); Lofton v. Verizon Wireless (VAW) LLC, No. 13-05665 C, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015) (finding the "telltale pause after plaintiff picked up each call . . . suggests the use of a predictive dialing system, and thus renders plausible the conclusory allegation that an ATDS was used"). These specific factual allegations do not, as defendant asserts, merely parrot the ATDS definition.

### 3. No Prior Consent

Neither party disputes that this element has been adequately alleged. See FAC ¶ 54.

**CONCLUSION**

1     In accordance with the foregoing, defendant's motion to dismiss is GRANTED as
2  plaintiff has failed to adequately allege the first element of a TCPA claim, that the
3  defendant named in the complaint made the offending calls.  As this is the first time the
4  court has dismissed plaintiff's complaint, the dismissal is WITH LEAVE TO AMEND.  Any
5  amended complaint shall be filed no later than February 5, 2017.  No additional parties or
6  claims may be added without leave of court or stipulation by defendant.

**IT IS SO ORDERED.**

Dated: January 4, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge